IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

KAREEM MUAMMAD,
a/k/a/ Alfonza Adams,

    Plaintiff,

v.                                    Civil Action No. 1:05CV6

DOCTOR DORIS WILLIAMS;
WARDEN K. J. WENDT; and
MEDICAL STAFF OF UNKNOWNS,

    Defendants.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On January 12, 2005, the plaintiff, an inmate at FCI - Gilmer, Glenville, West Virginia, filed a *pro se* complaint against the above-named defendants, in their individual capacity pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The plaintiff seeks monetary damages against the defendants for violating his Eighth Amendment rights by denying him medical care.

Thereafter, on February 2, 2005, the plaintiff filed a document which has been deemed a Motion for Joinder in which he seeks to include J. Bunts as a defendant in this action.

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P83.02. Having screened the plaintiff's complaint in accord with the local rules of this



Court and in accord with the provisions of 28 U.S.C.§ § 1915(e) and 1915A[1], the undersigned concludes that the plaintiff's complaint should not be summarily dismissed.

## II. FACTS

The plaintiff states he has HIV, and that the defendants ignored his complaints of cold chills, inability to hold down solid food, and dizziness with blackouts for three weeks. The plaintiff states that he was taken to Stonewall Jackson Hospital and was diagnosed with dehydration due to his HIV condition. He was released to FCI-Gilmer and told to continue his original HIV medication. The plaintiff asserts that on July 8, 2004, Defendant Williams stopped his medication and replaced it with achraminophen, which the plaintiff asserts is plain aspirin.

The plaintiff filed a Request for Administrative Remedy in which he stated that his medication had been changed and he requested that he be given IV's and Ensure so that he did not become dehydrated. He also requested that he be placed in a medical institution so that his medical needs could be treated. On July 26, 2004, Warden Wendt responded as follows:

Based on the above information, your request for relief is partially granted, in that

---

[1] 28 U.S.C. §1915A provides, in pertinent part, that:
(a) Screening.–The court shall review...a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
    (B) the action or appeal-
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

you do have a current order for Ensure nutritional supplement. Intravenous fluids will not be initiated as you are not severely dehydrated at present, and this is an invasive procedure used only when absolutely required. You will not be placed on the list for a Medical Referral Center at the present time but will be followed by the Physician at FCI-Gilmer.

The plaintiff then filed a Regional Administrative Remedy Appeal. Based on the information provided by the plaintiff, it does not appear that he received a response. He then filed a Central Office Remedy Appeal. He was notified that an extension was being requested to file a response. It does not appear that the plaintiff ever received a response to his Central Office Remedy Appeal.

### III. ANALYSIS

#### A. Motion for Joinder

Rule 20(a) of the Federal Rules of Civil Procedure provides as follows:

> **(a) Permissive Joinder.** All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

The plaintiff indicates he wished to include J. Bunts as a defendant to this lawsuit because she is in charge of inmate health care at FCI-Gilmer and is responsible for Defendant Williams' actions. He further asserts that J. Bunts failed to correct any errors made by Defendant Williams.

3

The plaintiff has satisfied the joinder requirements. Consequently, it is recommended that the plaintiff's motion for joinder be granted.

## B. Eighth Amendment Claims

To state a claim under the Eighth Amendment for inadequate medical care, the plaintiff must show that the defendants acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A cognizable claim under the Eighth Amendment is not raised when the allegations reflect a mere disagreement between the inmate and a physician over the inmate's proper medical care, unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). In order to establish an Eighth Amendment violation, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

The objective component is satisfied by a serious medical condition. A medical condition is "serious" if "it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir.1990), cert. denied, 500 U.S. 956 (1991); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir.1987), cert. denied, 486 U.S. 1006 (1988); Finley v. Trent, 955 F. Supp. 642, 646 (N.D. W.Va. 1997). HIV is a serious medical condition. See Taylor v. Barnett, 105 F. Supp. 2d 843 (E.D. Va. 2000).

The subjective component of a "cruel and unusual punishment" claim is satisfied by showing deliberate indifference by prison officials. Wilson, 501 U.S. at 303. "[D]eliberate indifference

4

entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Basically, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." Id. at 844.

The plaintiff alleges that his HIV medication has been stopped by Defendant Williams and that Defendant Wendt and Defendant Bunts did nothing about the actions of Defendant Williams. At this point, the undersigned finds that it is premature to determine that the defendants did not act with deliberate indifference to his serious medical condition and that the defendants should be ordered to respond to the complaint.

## IV. RECOMMENDATION

In consideration of the foregoing, the undersigned recommends that the plaintiff's Motion for Joinder be GRANTED and that the complaint not be dismissed and that the defendants should be served with a copy of the complaint and summons so they can respond to the claims made against them.

Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge.

5

Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff.

DATED: February *18*, 2005

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE