IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**KAREEM MUAMMAD,**
**a/k/a/ Alfonza Adams,**

    **Plaintiff,**

v.                                              **CIVIL ACTION NO. 1:05CV6**

**Dr. DORIS WILLIAMS;**
**WARDEN K. J. WENDT; and**
**MEDICAL STAFF OF UNKNOWNS,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 12, 2005, pro se petitioner, Kareem Muammad, filed a § 1983 prisoner civil rights complaint, seeking monetary damages for a violation of his Eighth Amendment rights and alleging that he was denied medical care. Muammad also filed a motion for joinder requesting that J. Bunts be added as a defendant. The Court referred the matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09.

On February 18, 2005, Magistrate Judge Kaull issued a Report and Recommendation recommending that Muammad's motion for joinder be granted and that his complaint be served on the defendants. The Magistrate Judge determined that Muammad had satisfied the joinder requirements and that it is premature at this time to render a decision on his complaint. Therefore, the Magistrate Judge recommended that the complaint should not be dismissed at this time

ORDER ADOPTING REPORT AND RECOMMENDATION

and should be served on the defendants.

The Report and Recommendation informed the parties that failure to object to the recommendation would result in the waiver of their appellate rights on this issue. No objections were filed.[1]

The Court **ADOPTS** the Report and Recommendation in its entirety, **GRANTS** the plaintiff's motion for joinder of J. Bunts, and **ORDERS** the Clerk of the Court to serve a copy of the complaint on the defendants.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the pro se petitioner and counsel of record.

Dated: April 28, 2005.

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] The failure of the parties to object to the Report and Recommendation waives their appellate rights in this matter and relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).