IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**KAREEM MUHAMMAD,**
a/k/a/ Alfonza Adams,

      **Plaintiff,**

v.	Civil Action No. 1:05CV6

**DOCTOR DORIS WILLIAMS, et. al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION/OPINION

### I. INTRODUCTION

On January 12, 2005, the plaintiff, an inmate at FCI - Gilmer, Glenville, West Virginia, filed a *pro se* complaint against Doris Williams, K.J. Wendt, and Medical Staff of Unknowns, in their individual capacity pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) seeking monetary damages against the defendants for violating his Eighth Amendment rights by denying him medical care.

Thereafter, on February 2, 2005, the plaintiff filed a document which was deemed a Motion for Joinder in which he sought to include J. Bunts as a defendant in this action.

The matter was referred to the undersigned for Report and Recommendation pursuant to LR PL P83.02. On February 18, 2005, the undersigned recommended that the motion for joinder be granted and that the complaint not be summarily dismissed. By Order entered on April 28, 2005, the Court adopted the undersigned's recommendation.

Prior to the Court's adoption of the undersigned's Report and Recommendation, on March

4, 2005, the petitioner filed a Motion for Joinder in which he requested that K.M. White Regional Director of the Federal Bureau of Prisons, and Harrell Watts, Administrator, Inmate National Appeals, be added to this case. He also submitted an addendum complaint in he alleges K.M. White and Harrell Watts did not overrule Defendant Williams' order to stop his HIV medication.

By Order entered on May 12, 2005, the Honorable Irene M. Keeley, United States District Judge referred this action to the undersigned to rule on the plaintiff's Motion for Court Order to Continue Medication, Injunctive Judgement, Temporary Restraining Order and any other motions filed.

Pursuant to the May 12, 2005, Order of Referral, the undersigned has granted the motion for joinder and ordered that the addendum complaint be filed as a separate document. Additionally, the undersigned has reviewed the plaintiff's addendum complaint and recommends that it be dismissed. In a Bivens suit liability is personal, based upon each defendant's own constitutional violations. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted).

The plaintiff does not allege any personal involvement with his medical care by White and Watts. Instead, he alleges that they did not overrule the decision of Defendant Williams to stop his medication. However, the Fourth Circuit has held that non-medical personnel may rely on the opinion of medical staff regarding the proper treatment of inmates. Miltier v. Beorn, 896 F. 2d 848 (4th Cir. 1990).

In consideration of the foregoing, the undersigned recommends that the plaintiff's addendum complaint be dismissed.

Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the

Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* plaintiff and the United States Attorney for the Northern District of West Virginia.

DATED: May 27, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE