# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**KAREEM MUHAMMAD,**
**a/k/a/ Alfonza Adams,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**Civil Action No. 1:05CV6**
　　　　　　　　　　　　　　　　　　　　　　　**(Judge Keeley)**

**DOCTOR DORIS WILLIAMS, et. al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This is an action pursuant to <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) involving the denial of HIV medication. Pending before the Court are numerous motions filed by the plaintiff. The undersigned has addressed some of the motions in the instant Report and Recommendation. The other motions have been addressed in an Order issued this same day.

On June 30, 2005, the plaintiff filed a document titled "Motion for Reconsideration to Replyal [sic] Time for Defendants to the Plaintiff's Motion Court Order to Continue Medication, Injunctive Judgment, Temporary Restraining Order Amendment. Motion for Leave to Add Newly Discovered Defendants, Register [sic] Nurse C. Hamner and Assistant Health Administrator K. Lambright of the F.C.I. Gilmer Medical Department."[1] In this motion, the plaintiff asserts that RN

---

[1] Doc. # 27 - the reconsideration issue was addressed by Order and will not be addressed in this Report and Recommendation.

C. Hamner denied him of his HIV medication on May 15, 2005, and May 17, 2005, while he was in the "hole" and that K. Lambright declined to discipline RN C. Hamner for denying him is HIV medication. The request was filed as a motion for joinder.

Rule 20(a) of the Federal Rules of Civil Procedure provides as follows:

> **(a) Permissive Joinder**. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

While the instant action deals with denial of HIV medication, and the plaintiff is alleging in his motion for joinder that he was denied his HIV medication for a few days in May 2005, the undersigned recommends that Hamner and Lambright not be joined in the instant action. First, the original complaint dealt with the stoppage of his HIV medication by Defendant Doris Williams who contends that the medication was stopped on the advice of a specialist. Further, a different time period is involved and the issue of the denial of the plaintiff's medication while he was in the "hole" has not been fully exhausted. Thus, the undersigned recommends that the plaintiff's request for joinder be denied.

On July 18, 2005, the plaintiff filed a "Motion to Combine Federal Tort Claim Act with Current Bivens Civil Action Number 1:05cv6. The plaintiff asserts that in April 2005, he filed a Federal Tort Claim Act against F.C.I. Gilmer and the Bureau of Prisons. He states that he is "not a

2

lawyer. And has just discovered that he can combine his FTCA action with his Bivens Civil Action 1:05cv6."[2] The plaintiff has offered no proof that he has received a ruling on his Federal Tort Claim. Moreover, even if he did, he did not exhaust his Federal Tort Claim prior to filing the instant action.

To proceed with a FTCA claim, the plaintiff must exhaust his administrative remedies by bringing his claim to the appropriate administrative agency before he is allowed to file his complaint in district court. See 28 U.S.C. §2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993). Further, "as a general rule, a premature 'complaint cannot be cured through amendment, but instead, plaintiff must file a new suit.'" Duplan v. Harper, 188 F.3d 1195, 1999 (10th Cir. 1999)(quoting Sparrow v. USPS, 825 F.Supp.252, 255 (E.D. Cal. 1993). "Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system." Id. (citing McNeil v. United States, 508 U.S.106, 112 (1993). But cf. Filaski v. United States, 776 F.Supp. 115, 118 (E.D.N.Y.1991) (granting motion to dismiss for lack of subject matter jurisdiction because the plaintiff had not exhausted the FTCA claims, but allowing the plaintiff to serve an amended complaint "and thereby restore the action"). Thus, the petitioner's motion to combine should be denied.

On July 19, 2005, the plaintiff filed Motion to Correct Error in Dismissing Defendants K.M. White, Regional Director of the Bureau of Prisons, and Harrell Watts, Inmate National Appeals Administrator.[3] He asserts that because the undersigned granted the plaintiff's motion to join K.M.

---

[2]Doc. #31.

[3]Doc. #32.

3

White and Harrell Watts, the Court erred in affirming the undersigned's Report and Recommendation recommending that K.M. White and Harrell Watts be dismissed from this action because the plaintiff has failed to state a claim against them. The undersigned finds that there was no error in the Court dismissing White and Watts from this action. Merely because the Court granted the plaintiff's motion to join them as defendants did not constitute a ruling that he had stated a claim against them. Moreover, the plaintiff failed to object to the Report and Recommendation. Thus, this motion should be denied.

On August 4, 2005, the plaintiff filed a motion to amend his complaint to add a claim that his Fifth Amendment rights had been violated and a claim under the Americans with Disabilities Act of 1990, §2, et seq., 42 U.S.C. §12101.

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance to the amendment, futility of amendment, etc. -- the leave sought should, as the rule requires, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). See also Sandcrest Outpatient Services, P.A. v. Cumberland County Hosp. System, Inc., 853 F.2d 1139, 1148 (4th Cir. 1988). However, the court has the discretion to either grant or deny the motion to amend. Foman, 371 U.S. at 182.

In the instant case, on July 12, 2005, the defendants filed a motion to dismiss or in the

4

alternative motion for summary judgment. However, a motion to dismiss is not a responsive pleading, Smith v. Blackledge, 451 F. 2d 1201 (4th Cir. 1971), nor is a motion for summary judgment a responsive pleading. Clardy v. Duke Univ., 299 F.2d 368, 369 (4th Cir.1962). Thus, a responsive pleading has not been filed. However, the plaintiff has already an amended complaint when he added claims against K.M. White and Harrell Watts. Further, "[a]n amended pleading is one which clarifies or amplifies a cause of action which can be identified with certainty as the same cause of action originally pleaded or attempted to be pleaded. It is a perfection of an original pleading rather than the establishment of a new cause of action." Superior Mfg. Corp. v. Hessler Mfg. Co., 267 F. 2d 302, 304 (10th Cir. 1959), cert. denied, 361 U.S. 876 (1959).

The instant action addresses the denial of HIV medication. However, in his motion to amend, the plaintiff seeks to raise a new cause of action. The plaintiff provides no information regarding how his amended claims would be related to the denial of HIV medication. He has not provided the Court with an amended complaint. Based on the scant information the plaintiff has provided, it appears that the plaintiff seeks to expand the scope of his complaint. Thus, it is recommended that the plaintiff's motion to amend be denied.

In consideration of the foregoing, the undersigned recommends that the plaintiff's Motion for Joinder be GRANTED and that the complaint not be dismissed and that the defendants should be served with a copy of the complaint and summons so they can respond to the claims made against them.

Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such

objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to transmit a copy of this Report and Recommendation to the *pro se* plaintiff and counsel for the defendants.

DATED: August 22, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE