# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

KAREEM MUHAMMAD,
a/k/a/ Alfonza Adams,

    Plaintiff,

v.                                             CIVIL ACTION NO. 1:05CV6
                                                  (Judge Keeley)

Dr. DORIS WILLIAMS; WARDEN
K. J. WENDT; MEDICAL STAFF
OF UNKNOWNS; J. BUNTS; K.M.
WHITE; and HARRELL WATTS,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 12, 2005, plaintiff Kareem Muhammad a/k/a Alfonza Adams ("Muhammad"), filed a pro se complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Muhammad alleges that he was denied HIV medication by Dr. Doris Williams, Warden K.J. Wendt, and other unknown named medical staff at the Gilmer Federal Correctional Institution ("FCI Gilmer").

On April 28, 2005, the Court provided Muhammad with leave to join J. Bunts as a defendant in this case and the defendants were subsequently served with a copy of the complaint. On March 4, 2005, Muhammad filed a motion to join, and proposed "Addendum Complaint" in which he requested permission to join K.M. White ("White") and

Harrell Watts ("Watts") as defendants in this case. On May 12, 2005, the Court referred this motion and other matters to Magistrate Judge John S. Kaull. Accordingly, on May 27, 2005, Magistrate Judge Kaull granted Muhammad's motion to join, and the Clerk was directed to file the "Addendum Complaint" as a separate document.

Later that same day, Magistrate Judge Kaull issued a report and recommendation finding that Muhammad had failed to allege any personal involvement by defendants White and Watts and failed to establish supervisory liability. He, therefore recommended the dismissal of Muhammad's "Addendum Complaint." Muhammad did not file any objections to the May 27th Report and Recommendation. Consequently, on July 14, 2005, the Court adopted the magistrate judge's recommendations and dismissed Muhammad's "Addendum Complaint." Because defendants White and Watts were only named in the "Addendum Complaint," those defendants were effectively dismissed from this case by the July 14th Order.

The motions addressed in this order were filed by Muhammad after Magistrate Judge Kaull issued his May 27th Report and Recommendation. Accordingly, these motions were addressed by the magistrate judge in a report and recommendation filed on August 22, 2005. For the following reasons, the Court **ADOPTS** the Magistrate Judge Kaull's August 22nd recommendations in their entirety.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I. PROCEDURAL BACKGROUND

**A. Muhammad's Pending Motions[1]**

During the time in which the May 27th Report and Recommendation was pending, on June 30, 2005, Muhammad filed a "Motion for Reconsideration to replyal [sic] time for defendants to the plaintiffs Motion Court Order to Continue Medication, Injunctive Judgement [Sic], Temporary Restraining Order Amendment" and "Motion for leave to add newly discovered defendants, Register [sic] Nurse C. Hamner and Assistant Health Administer [sic] K. Lambright of the F.C.I. Gilmer medical department" (dkt no. 27). Magistrate Judge Kaull construed the June 30th motion as in part a motion for reconsideration[2] and in part a motion for joinder of C. Hamner ("Hamner") and K. Lambright ("Lambright") as defendants in this case.

Muhammad thereafter filed a: (1) "Motion to Combine Federal Tort Claim Act With Current <u>Bivens</u> Civil Action Number 1:05cv6" (dkt no. 31) on July 18, 2005; (2) "Motion to Correct Court Error in Dismissing Defendants K.M. White, Regional Director of the

---

[1] Muhammad also currently has pending: (1) "motion for defendant Doris Williams to provide the name and contact information for the specialist from whom she received advise [sic] (dkt no. 22)," and (2) second " motion for injunctive relief (dkt no. 22)." Magistrate Judge Kaull recently addressed those motions as well as the defendants' motion to dismiss (dkt no. 29) in a report and recommendation filed on January 9, 2006. The Court will address that report and recommendation and those motions in a subsequent order.

[2] Specifically, Muhammad requested reconsideration of the Court's June 10, 2005 Order, denying as moot Muhammad's motion for temporary restraining order (dkt no. 10).

MUHAMMAD v. WILLIAMS                                          1:05CV6

## ORDER ADOPTING REPORT AND RECOMMENDATION

Bureau of Prisons, and Harrell Watts, Inmate National Appeals Administrator" (dkt no. 32) on July 19, 2005; and (3) "Motion for Continuance for Plaintiff to Reply to the Defendant's 'Motion for Summary Judgment to Dismiss or Alternatively,' Motion for Reconsideration of Appointment of Counsel for Plaintiff, and Motion for Leave to Amend Complaint" (dkt no. 34) on August 4, 2005.

### B. The Magistrate Judge's August 22, 2005 Report and Recommendations

On August 22, 2005, Magistrate Judge Kaull issued an Order denying Muhammad's motion for reconsideration of the Court's Order of June 10, 2005. On that same day, Magistrate Judge Kaull issued a report and recommendation, recommending that Muhammad's motions 1) to join Hamner and Lambright, 2) to combine federal tort claim with this <u>Bivens</u> action, 3) to correct error in dismissing defendants White and Watts, and 4) for leave to amend the complaint be denied. The Report and Recommendation informed the parties that failure to object to the recommendation would result in the waiver of their appellate rights on this issue.[3]

---

[3] The failure of the parties to object to the Report and Recommendation waives their appellate rights in this matter and relieves the Court of any obligation to conduct a <u>de novo</u> review of the issue presented. See <u>Thomas v. Arn</u>, 474 U.S. 140, 148-153 (1985); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 199-200 (4th Cir. 1997).

### C. Muhammad's Objections

Muhammad filed objections to Magistrate Judge Kaull's Report and Recommendation on September 1, 2005. In his objections, Muhammad challenges Magistrate Judge Kaull's recommendation concerning his motion to join Hamner and Lambright, motion to correct error, and motion for leave to amend.

However, because Muhammad does not specifically object to the Magistrate's findings and recommendation with respect to his motion to combine federal tort claim with current Bivens action,[4] the Court need not conduct a de novo review of the Magistrate's analysis or conclusions with respect to that motion. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") (emphasis added); Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); see also United States v. 2121 E.30th St., 73 F.3d 1057, 1060 (10th Cir. 1996) (noting that circuit courts have uniformly held that the failure to file specific objections waives appellate review of factual and legal questions). Thus, the Court adopts Magistrate Judge Kaull's recommendation concerning Muhammad's motion to combine (dkt no. 31).

---

[4] Magistrate Judge Kaull concluded that Muhammad did not exhaust his federal tort claim prior to the filing of this case, and, therefore, it was not appropriate to combine the two actions.

## II.  ANALYSIS

### A. Motion for Joinder

Rule 20(a) of the Federal Rules of Civil Procedure provides that:

> **(a) Permissive Joiner.** All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all these persons will arise in the action. All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one of more defendants according to their respective liabilities.

With respect to Muhammad's motion for joinder, Magistrate Judge Kaull concluded that Muhammad had failed to show that his claims against Hamner and Lambright were related to the claims originally raised in the complaint. Specifically, Magistrate Judge Kaull found that, although Muhammad's claims against Hamner and Lambright also involved the denial of HIV medications, those claims

6

had occurred during a different time period from that raised in the complaint. Moreover, Magistrate Judge Kaull concluded that Muhammad's claims against Hamner and Lambright were not exhausted.

In his objections, Muhammad argues that he should be permitted to join Hamner and Lambright because Hamner maliciously stopped his HIV medications while he was in the special housing unit and Lambright failed to intervene and discipline Hamner for her actions. Therefore, the actions of both defendants constitute a continuance and/or retaliation of Muhammad's original pleading.

A review of Muhammad's initial complaint shows that he alleges that defendant Doris Williams was deliberately indifferent to his serious medical needs by stopping his HIV medication for a period of eight (8) months between July of 2004 and March of 2005. Muhammad wants to join Hamner and Lambright because they denied him HIV medication while he was in segregation on May 15 and May 17, 2005. This issue is clearly separate and distinct from the claim raised in the instant complaint. Additionally, Muhammad has failed to provide evidence that he exhausted his claim against Hamner and Lambright. Accordingly, the Court adopts Magistrate Judge Kaull's recommendation that Muhammad's motion to join Hamner and Lambright should be denied.

B. **Motion to Correct Error**

With respect to Muhammad's motion to correct error, Magistrate Judge Kaull concluded that the Court did not err in its dismissal of defendants White and Watts. Specifically, he concluded that although Muhammad was granted permission to join those defendants in this action, such a ruling did not constitute a finding that Muhammad had stated a claim against White and Watts. After granting Muhammad's motion to join White and Watts, Magistrate Judge Kaull reviewed the sufficiency of Muhammad's claims against White and Watts and determined that they should be dismissed because Muhammad failed to state a claim against them. Specifically, he found that Muhammad had failed to show that either White or Watts was personally involved in the alleged deprivation of his constitutional rights or that either could be held liable for the actions of their subordinates under supervisory liability. Muhammad did not object to that finding and the report and recommendation was later adopted by this Court. Consequently, the addendum complaint was dismissed, including with Muhammad's claims against White and Watts.

In his objections, Muhammad argues that White and Watts were joined as defendants in this case because the Court granted his motion for joinder. Accordingly, he asserts that Magistrate Judge Kaull did not have the authority to dismiss White and Watts and

they should be ordered to answer the complaint. Moreover, Muhammad disputes Magistrate Judge Kaull's finding that he failed to state a claim against those defendants and states that, through the submission of various administrative remedies, White and Watts were aware that his HIV medications were stopped by Dr. Williams and failed to take action to reinstate his HIV medications.

A review of the record shows that Muhammad filed his motion to join White and Watts on March 4, 2005. Attached to that motion was an "Addendum Complaint" asserting Muhammad's claims against those defendants. On May 27, 2005, Magistrate Judge Kaull granted the motion to join and directed that the "Addendum Complaint" be filed separately. On that same day, he also issued a report and recommendation recommending the claims against White and Watts be dismissed. In that report and recommendation, Magistrate Judge Kaull concluded that Muhammad had failed to assert personal liability against defendants White and Watts and failed to establish supervisory liability as to either of them. Accordingly, he recommended that the "Addendum Complaint" be dismissed. Muhammad failed to object to the May 27th report and recommendation, and, therefore, the Court adopted the report and recommendation in its entirety and dismissed the "Addendum Complaint" with prejudice. Because defendants White and Watts were

only named in the "Addendum Complaint," those defendants were, in effect, dismissed with prejudice from the case.

Based on this factual and procedural history, Magistrate Judge Kaull did not improperly dismiss defendants White and Watts. The record makes clear that the actual dismissal of those defendants was a result of this Court's Order adopting Magistrate Judge Kaull's recommendation. Furthermore, Muhammad did not object to the magistrate judge's report and recommendation within the required time period and any objection now would be untimely. Moreover, even if Muhammad's objections were timely, the finding of Magistrate Judge Kaull was correct. Muhammad failed to establish either personal or supervisory liability as to defendants White and Watts. See Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (liability in a Bivens suit is based on each person's own personal unconstitutional acts); see also Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990) (non-medical personnel may rely on the opinions of medical staff with regard to the proper treatment of inmates).[5] Accordingly, the Court adopts Magistrate Judge Kaull's recommendation that Muhammad's motion to correct should be denied.

---

[5] In the "Addendum Complaint," Muhammad asserts that White and Watts were informed, through his grievance submissions, that Dr. Williams stopped his HIV medications. Muhammad further asserts that because White and Watts had the "power to overrule Dr. Williams unsound medical ruling," but failed to do so, they were deliberately indifferent to his serious medical needs.

**C.  Motion for Leave to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Although leave should be freely given, the Court has discretion to either grant or deny a motion to amend. See Forman v. Davis, 371 U.S. 178, 182 (1962).

With respect to Muhammad's motion for leave to amend, Magistrate Judge Kaull found that, although the defendants had not filed a responsive pleading, Muhammad had already amended his complaint once. Therefore, Muhammad needed the Court's permission to amend his complaint a second time. Moreover, Magistrate Judge Kaull found that the instant case addresses the denial of HIV medications, but Muhammad sought to add a Fifth Amendment claim and a claim pursuant to the Americans with Disabilities Act (ADA) without explaining how the new claims related to his original claims.

A review of the current record demonstrates that Muhammad has already amended his complaint on two separate occasions. On April 28, 2005, Muhammad was granted permission to add J. Bunts as a defendant. On May 27, 2005, Muhammad was granted permission to add

K.M. White and Harrell Watts as defendants. Therefore, Magistrate Judge Kaull correctly determined that Muhammad needs permission from the court to amend his complaint for a third time.

In his objections, Muhammad asserts that he wants to add a Fifth Amendment claim and an ADA claim to his complaint. Because Magistrate Judge Kaull found that Muhammad failed to adequately describe how his Fifth Amendment claim relates to his original claims, Muhammad attempts to explain the connection in more detail in his objections. However, other than the recitation of some boilerplate Fifth Amendment language,[6] Muhammad still does not explain how the Fifth Amendment applies to his claims. In order to establish a due process violation, Muhammad must show that he was deprived of life, liberty, or property.[7] However, Muhammad still does not assert how the defendants alleged failure to provide timely medical care deprived him of life, liberty, or property.

Second, even if Muhammad had pleaded his ADA claim with more specificity, he should not be granted permission to amend his complaint to include this type of claim. The ADA, as it applies to

---

[6] Muhammad states that "[t]he Due Process Clause prohibits the government from depriving a person of liberty or property 'without due process of law,'" and that he "has a right to assert a Fifth Amendment claim ... [because] the defendants have violated the Fifth Amendment by the very denial of due process of adequate medical attention ..." Objections at 4-5.

[7] Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974 (1974); see also U.S. Const. Amend. XIV, § 1 ("nor shall any State deprive any person of life, liberty, or property, without due process of law ...").

public entities, is codified at 42 U.S.C. §§ 12131, et seq. It has been recognized that the provisions of the ADA are applicable to prisoners confined in state correctional facilities. See Pa. Dept. of Corrections v. Yeskey, 524 U.S. 206 (1998). However, absent an explicit waiver of sovereign immunity, the United States is generally immune from suit. United States v. Mitchell, 445 U.S. 535, 538 (1980). This "immunity is jurisdictional in nature," FDIC v. Meyer, 510 U.S. 471, 475 (1994), and extends to government agencies and employees. Antol v. Perry, 82 F.3d 1291, 1296 (3rd Cir. 1996). The ADA does not contain a waiver of sovereign immunity and, thus, does not apply to the federal government. Crowder v. True, 845 F.Supp. 1250 (N.D.Ill. 1994). Accordingly, the Court adopts Magistrate Judge Kaull's recommendation that Muhammad's motion to amend should be denied.

### V.  CONCLUSION

For the reasons stated above, the Court **ADOPTS** Magistrate Judge Kaull's August 22, 2005 Report and Recommendation (Doc. 36) in its entirety, and **DENIES** Muhammad's:

(1) Motion for Joinder of Hamner and Lambright (Doc. 27);
(2) Motion to Combine Federal Tort Claim Act with Current Bivens Action (Doc. 31);
(3) Motion to Correct Error (Doc. 32); and
(4) Motion for Leave to Amend (Doc. 34).

IT IS SO **ORDERED**.

**MUHAMMAD v. WILLIAMS**                                              **1:05CV6**

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Clerk is directed to mail a copy of this Order to the <u>pro se</u> plaintiff and any counsel of record.

Dated: March _____3_____, 2006.

_____
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE